IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Ellen E. "Ellie" Potts,<br><br>*Plaintiff*,<br><br>v.<br><br>Chris Wells, Executive Director of the Georgia Vocational Rehabilitation Agency, in his official capacity,<br><br>and<br><br>Jennifer Howell, Director of Program Support, Georgia Vocational Rehabilitation Agency, in her official capacity,<br><br>*Defendants*. | Case No.: _____<br><br>**Verified Complaint for Declaratory and Injunctive Relief** |

**INTRODUCTION AND FACTS**

1.     This is a constitutional challenge to Section 8.5.1 (1.6) ("Section 8.5.1 (1.6)") and Section 8.1.12 ("Section 8.1.12") of the Georgia Vocational Rehabilitation Agency's ("GVRA") Client Services Policy Manual (the "Manual"), Section 6 of the Manual's preamble ("Preamble Section 6"), and the immediate-termination of Plaintiff's life sustaining benefits without a hearing pursuant to a notice plaintiff received from GVRA on January 3, 2025 (the "Notice"). A copy of the Notice is attached as Exhibit A. Section 8.5.1 (1.6), Section 8.1.12, and Preamble

Section 6 authorize the GVRA to suspend or terminate services providing essential medical care and vocational support for profoundly disabled Georgians like Plaintiff without a predetermination hearing as required under *Goldberg v. Kelly*, 397 U.S. 254 (1970). The undersigned represent Plaintiff *pro bono*.

2. Plaintiff Ellie Potts is a hero in the Athens, Georgia community. Plaintiff was born with cerebral palsy and has lived with quadriplegia since birth. Plaintiff's medical conditions render her wheelchair bound and totally dependent on the assistance of others to perform virtually all tasks requiring physical movement. Notwithstanding her profound physical limitations, Plaintiff is cognitively gifted. With years of GVRA's assistance, Plaintiff has managed to complete bachelor- and master-level studies, and she currently is a teacher, counselor, and doctoral student at the University of Georgia with expected graduation in May 2026.

3. Until January 3, 2025, plaintiff had four sources of income. Those income sources consisted of Medicaid benefits under Georgia's Independent Care Waiver Services ("ICWS") program, Social Security disabled child benefits, GVRA benefits (the subject of this dispute), and a stipend from the University of Georgia associated with her Ph.D. studies.

4. Under both the ICWS and GVRA programs, Plaintiff is entitled to 24-hour assistance from aide workers. Before January 3, 2025, ICWS paid for eight hours of daily assistance, while GVRA paid for the remaining 16 hours.

5. Plaintiff's quadriplegia renders most of her body functionally useless. According to a report prepared by a GVRA assistive technologist (the "Report"), Plaintiff "needed 24-hour personal care assistance due in part to her dependence for transfers[,] bathing[,] dressing[,] grooming[, and] a partial assistant set up for self-feeding." The assistive technologist noted "need for personal care on a regular basis to assist with the safe administrative of bathing and toileting and transfers remains firm." The same report notes the type of medical risks Plaintiff historically has faced as follows: "[Plaintiff] has sustained several minor injuries due to falls over the years and a serious injury to cranium some two years ago due to a serious fall involving an attendant transfer." A severe fall in 2017 left Plaintiff with a broken right humeral shaft, necessitating surgery, a steel plate and ten pins in her arm, a four-day hospital stay, and months of physical therapy to enable Plaintiff just to operate the joystick on her power chair. For over a decade, Plaintiff has used GVRA benefits to pay home health aide workers to perform these and other medically necessary functions. A copy of the Report is attached as Exhibit B.

6. Plaintiff cannot write or type at a reasonable speed without an aide worker's assistance. With GVRA's documented express knowledge, Plaintiff has used GVRA funds for over a decade to pay aide workers for assistance with writing and typing. This assistance with writing and typing is a critically important component of Plaintiff's "vocational" rehabilitation benefits, because assistance

with writing and typing is the *sine qua non* of Plaintiff's ability to participate and earn money as a teacher, counselor, and Ph.D. student.

7. Plaintiff's GVRA benefits also include housing and maintenance, which assist Plaintiff in paying rent and other expenses.

8. Plaintiff received notice on January 3, 2023, that her GVRA benefits were immediately terminated due to "possible misrepresentation, fraud, or collusion[.]" While the merits of that substantive accusation are irrelevant for purposes of this procedural due process challenge, this allegation is false and stems from a flawed investigation based on incomplete fact finding and failure to identify and consider applicable regulations by a first-time Medicaid fraud investigator with the Georgia Attorney General's Office.

9. Without GVRA benefits, Plaintiff now has aide-worker coverage under the ICWS program for only eight hours per day. These remaining ICWS funds are insufficient to provide for all of Plaintiff's medical needs, much less to satisfy her need for assistance with writing and typing.

10. Without the ability to write or type, plaintiff cannot perform her duties as a Ph.D. student or perform any other occupation. Absent ability to perform her duties as a Ph.D. student, Plaintiff will be unable to continue her Ph.D. studies and will lose her Ph.D. stipend.

11. In order to survive, Plaintiff needs 24-hour support from aide workers, which costs hundreds of dollars per day. Without her GVRA assistance, she will need to pay for her own care. She does not have the funds to pay for that care. Therefore, absent the relief requested herein, Plaintiff will run out of money within a matter of days and will be at risk of serious injury.

12. Section 8.5.1 (1.6) of the Manual provides that GVRA "[s]ervices may be suspended or terminated for individuals who fail to comply with policy and/or agreed to responsibilities for the provision of the services." Plaintiff has not "fail[ed] to comply with policy and/or agreed to responsibilities for the provision of services."

13. Code of Federal Regulations, Title 34, Section 361.57 and the Manual's Due Process Policy describe the type of "fair hearing" that a GVRA beneficiary may invoke to appeal the type of termination contained in the Notice. That appeal process culminates in a trial-like hearing before a judge of the Georgia Office of State Administrative Hearings ("OSAH") with appeals to the Georgia judiciary under the Georgia Administrative Procedure Act. That process could take months if not years to conclude.

14. Section 8.1.12 of the Manual provides that "GVRA cannot suspend, reduce, or terminate VR services being provided to an individual until an impartial hearing officer issues a final determination on the individual's appeal. Services [that] must continue during the pendency of the appeal include those being provided

for evaluation and assessment of the individual, for the development of an [Individualized Plan for Employment ("IPE")], and as planned under an existing IPE. As long as the individual remains available, these services will continue until the final resolution of the issue has been reached, unless: . . . GVRA has evidence that the services have been obtained through misrepresentation, fraud, collusion, or criminal conduct on the part of the individual or their authorized representative." Plaintiff has not committed misrepresentation, fraud, collusion, or criminal conduct either directly or through any authorized representative, and there is no proof of such. Plaintiff would have been able to demonstrate the same at a pre-termination hearing if one had been provided.

15. Preamble Section 6 of the Manual provides that "[g]enerally, GVRA cannot stop or change your services while you're waiting for a review as long as you are available for services. However, there are special circumstances in which services can be stopped immediately, such as if you or your representative ask for services to stop or change or if there is proof or misrepresentation, fraud, collusion, or criminal behavior." Plaintiff has not committed "misrepresentation, fraud, collusion, or criminal behavior" and there is no proof of such.

16. For profoundly disabled beneficiaries, like Plaintiff, "a controversy over eligibility [for GVRA benefits] may deprive an eligible recipient of the very means by which to live while [s]he waits. Since [s]he lacks independent resources,

[her] situation becomes immediately desperate." *Goldberg*, 397 U.S. at 264. A post-determination hearing will not provide relief to the Plaintiff or remove the harm resulting from the lack of adequate care while she awaits a hearing. Moreover, OSAH could not hear the claims asserted in this litigation because it does not have jurisdiction over constitutional law claims. Ga. Comp. R. & Regs. § 616-1-2.22(3) ("[OSAH] is not authorized to resolve constitutional challenges to statutes or rules[.]"). In this manner, Georgia law provides no adequate procedure to resolve Plaintiff's claims.

17. Under these circumstances, Plaintiff has the right under the Due Process Clause of the Fourteenth Amendment to continue receiving benefits at least until an OSAH judge holds a hearing and issues a final determination of Plaintiff's continued eligibility to receive GVRA benefits. The instant immediate termination under Section 8.5.1 (1.6), Section 8.1.12, Preamble Section 6, and the immediate-termination provisions of the Notice violates that right.

18. Defendant cannot demonstrate any government interest in immediate termination that outweighs Plaintiff's "brutal need" for uninterrupted GVRA benefits. *See Goldberg*, 397 U.S. at 261.

19. Plaintiff seeks declaratory and injunctive relief to enjoin enforcement of Section 8.5.1 (1.6), Section 8.1.12, Preamble Section 6, and the immediate-termination provisions of the Notice, and Plaintiff seeks an order restoring her

7

GVRA benefits. Without such relief, Plaintiff will suffer immediate and irreparable injury.

## PARTIES

### A. Plaintiff

20. Plaintiff Ellen "Ellie" Potts is a 42-year-old doctoral student in the University of Georgia's counselor education program and is a resident of Clarke County, Georgia when school is in session. Otherwise, Plaintiff resides in Catoosa County, Georgia. Plaintiff was born with cerebral palsy and is quadriplegic. For years, benefits received under the GVRA program have mitigated Plaintiff's disabilities by providing for her medical needs, which allows Plaintiff to live in relative safety, and enables Plaintiff to participate as an earnest Ph.D. student and productive member of society. Without those benefits, Plaintiff will be unable to earn income and will face immediate and profound health and safety risks.

### B. Defendants

21. Defendant Chris Wells is the Executive Director of the GVRA. Defendant Wells is responsible for administering the GVRA program.

22. Defendant Jennifer Howell is the Director of Program Support for GVRA. Defendant Howell signed the Notice and is responsible for determining Plaintiff's eligibility to receive GVRA benefits.

23. Because the equitable relief Plaintiff seeks would run against the GVRA, Defendants are named in their official capacities.

## JURISDICTION AND VENUE

24. Plaintiff's claims are brought under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

25. This Court has jurisdiction to hear Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

26. Venue is proper in the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts that gave rise to this lawsuit have occurred or will occur in this judicial district. This District is also an appropriate venue under 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district.

## CAUSE OF ACTION

### Count I

**Procedural Due Process (42 U.S.C. § 1983)**

27. Plaintiff incorporates by reference every allegation in the preceding paragraphs as if set forth fully herein.

28. The Fourteenth Amendment's Due Process Clause, which applies to the states, prohibits the government from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.

29. Section 8.5.1 (1.6), Section 8.1.12, Preamble Section 6, and the immediate-termination provisions of the Notice violate the procedural due process rights of Plaintiff, facially and as applied to Plaintiff.

30. If not enjoined Section 8.5.1 (1.6), Section 8.1.12, Preamble Section 6, and the immediate-termination provisions of the Notice will inflict irreparable injury upon Plaintiff.

## Count II

### Termination of Benefits Without Due Process (42 U.S.C. § 1983)

31. Plaintiff incorporates by reference every allegation in the preceding paragraphs as if set forth fully herein.

32. Defendant terminated Plaintiff's GVRA benefits without a hearing, in violation of the Fourteenth Amendment's Due Process Clause.

33. If not enjoined, Defendant's termination of Plaintiff's GVRA benefits will inflict irreparable injury upon Plaintiff.

### REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court enter judgment in her favor and:

1) Declare that Section 8.5.1 (1.6), Section 8.1.12, Preamble Section 6, and the immediate-termination provisions of the Notice are unconstitutional.

2) Issue a temporary restraining order and preliminary and permanent injunctions enjoining Defendant—including his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them—from taking any action to enforce or implement Section 8.5.1 (1.6), Section 8.1.12, Preamble Section 6, or the immediate-termination provisions of the Notice.

3) Issue a temporary restraining order and preliminary and permanent injunctions restoring Plaintiff's benefits pending the outcome of the appeal process prescribed by law.

4) Award Plaintiff reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and other applicable laws; and

5) Grant Plaintiff such other relief the Court deems just and proper.

Respectfully submitted this 10th day of January, 2025.

/s/ Stephen A. Youngblood
Stephen A. Youngblood
Georgia Bar No. 239293
Robert B. Remar
Georgia Bar No. 600575
Anthony L. Cochran
Georgia Bar No. 172425
Audrey D. Smith-Roetto
Georgia Bar No. 951173
Smith, Gambrell & Russell, LLP
1105 West Peachtree Street NE
Suite 1000
Atlanta, Georgia 30309-3592
Phone: 404-815-3500
Fax: 404-685-6827
Email: syoungblood@sgrlaw.com
Email: rremar@sgrlaw.com
Email: acochran@sgrlaw.com
Email: asmith-roetto@sgrlaw.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the pleading was prepared in 14-point Times New Roman, and the margins comply with Local Rule 5.1 (C) and (D).

Respectfully submitted this 10th day of January 2025.

*/s/ Stephen A. Youngblood*
Stephen A. Youngblood
Georgia Bar No. 239293
Robert B. Remar
Georgia Bar No. 600575
Anthony L. Cochran
Georgia Bar No. 172425
Audrey D. Smith-Roetto
Georgia Bar No. 951173
Smith, Gambrell & Russell, LLP
1105 West Peachtree Street NE
Suite 1000
Atlanta, Georgia 30309-3592
Phone: 404-815-3500
Fax: 404-685-6827
Email: syoungblood@sgrlaw.com
Email: rremar@sgrlaw.com
Email: acochran@sgrlaw.com
Email: asmith-roetto@sgrlaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 10, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. There is currently no Counsel of record for Defendant; I certify that I will serve the foregoing on Defendant.

/s/ *Stephen A. Youngblood*
Stephen A. Youngblood
Georgia Bar No. 239293

## **VERIFICATION**

I, Ellen E. "Ellie" Potts, verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: January 10, 2025

*/s/ Ellen E. Potts*
Ellen E. "Ellie" Potts
